AARON D. FORD
  Attorney General
VICTORIA C. COREY (Bar No. 16364)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-9245 (phone)
(702) 486-3768 (fax)
Email: vcorey@ag.nv.gov

*Attorneys for Defendants*
*Frank Dreesen, James Dzurenda,*
*William Gittere, Kimberly McCoy,*
*Gabriela Najera, Brian Williams,*
*and Julie Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRETT JONES,<br><br>    Plaintiff<br><br>v.<br><br>WILLIAM GITTERE, et al.,<br><br>    Defendants | Case No. 2:24-cv-00171-APG-DJA<br><br>**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO REQUEST FOR PRELIMINARY INJUNCTION [ECF Nos. 7, 11 & 18]**<br>**(First Request)** |

Defendants, Frank Dreesen, James Dzurenda, William Gittere, Kimberly McCoy, Gabriela Najera, Brian Williams, and Julie Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Victoria C. Corey, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby Move for an Extension of Time to File their Response to Plaintiff's Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction [ECF Nos. 7, 11 & 18]. This is Defendants' First Request for an extension of time to respond to this pleading.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff Brett Jones (Jones) is an offender in the custody of the Nevada Department of Corrections (NDOC) who is currently housed at High Desert State Prison (HDSP). Following mandatory screening, Jones is proceeding with an Eighth Amendment

conditions of confinement claim regarding alleged lack out outdoor yard time and alleged issues with showering, an Eighth Amendment unsafe prison conditions claim regarding allegations of secondhand smoke and other drugs and contraband, a Fourteenth Amendment equal protection claim regarding being housed at HDSP, and a Fourteenth Amendment due process claim regarding his property. ECF No. 3 at 14.

While this case was stayed for the parties to attend an Early Mediation Conference, Jones filed his motion for a temporary restraining order and/or preliminary injunction on September 17, 2024. ECF No. 7. On September 19, 2024, this Court deferred briefing and any hearing on Jones's motion, noting that the Court would issue a scheduling order regarding briefing on Jones's motion in the event that mediation is unsuccessful. ECF No. 8. On October 1, 2024, this Court lifted the stay in this matter. ECF No. 10. On October 4, 2024, Jones filed a motion requesting the Court calendar a hearing on his motion as the parties had not reached a settlement agreement during the Early Mediation Conference. ECF No. 11. On December 17, 2024, this Court issued its scheduling order for briefing on Jones's motion with Defendants' response being due on December 31, 2024. ECF No. 18.

In his motion, Jones asks this Court to order Defendants to (1) "operate HDSP in a safe manner;" (2) remove secondhand smoke; (3) give adequate outdoor exercise; (4) provide adequate medical care; and (5) provide access to work, phones, kiosks, and showers. ECF No. 7 at 2:6-9. Jones alleges issues with these five areas since on or around July 30, 2024, resulting in undersigned counsel having to go through roughly six months of documentation to determine the veracity of Jones's allegations, as well as documentation from Jones's underlying allegations and timeframe. *Id*. at 2:20-21

In order to provide all proper and relevant information to this Court regarding Jones's allegations, Defendants respectfully request an additional fourteen (14) days to respond to Jones's allegations. This additional time would allow for a thorough and complete investigation into Jones's allegations prior to any finding or order from the Court.

///

///

## II. LEGAL STANDARD AND ARGUMENT

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Good cause exists as additional time would allow undersigned counsel to gather and review all documentation that would permit the Defendants to file a proper and complete response to the motion and provide all relevant information to the Court. As such, Defendants respectfully request an additional fourteen (14) days to prepare and file the response, making their response to Jones's motion due on January 14, 2025.

## III. CONCLUSION

Defendants assert that the requisite good cause and extenuating circumstances are present to warrant the requested extension of time. Therefore, Defendants request an extension, until **January 14, 2025**, to file the response to Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction.

DATED this 30th day of December 2024.

AARON D. FORD
Attorney General

By: /s/ Victoria C. Corey
VICTORIA C. COREY (Bar No. 16364)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED:

Dated: December 31, 2024

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE