UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brett Jones, | Case No. 2:24-cv-00171-APG-DJA |
| Plaintiff, | |
| v. | Order |
| William Gittere, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Brett Jones' motion for leave to file certain exhibits under seal (ECF No. 33), motion to extend discovery (ECF No. 35), motion to compel (ECF No. 36), and Defendants Frank Dreesen, James Dzurenda, William Gittere, Guillermo Hernandez, Kimberly McCoy, Gabriela Najera, Brian Williams, and Julie Williams' motion to stay discovery (ECF No. 39). Because the Court finds that Plaintiff has not demonstrated compelling reasons to file his exhibits under seal, it denies his motion to seal. Because the Court finds that Plaintiff has demonstrated good cause to extend discovery, it grants his motion to extend. Because the Court finds that Plaintiff has not adequately met and conferred prior to bringing his motion to compel, it denies his motion. And because the Court finds that Defendants have not demonstrated that a stay of discovery is appropriate, it denies their motion to stay.

**I.    Motion to file exhibits under seal.**

Plaintiff moves to file four exhibits, Exhibits A-D, in support of his reply in support of his motions for preliminary injunction under seal. (ECF No. 33). Plaintiff also filed his motion to seal under seal, but filed a notice of under seal submission on the docket. (ECF No. 34). That notice of under seal submission informs Defendants that "Exhibits A-D have been submitted under seal," but does not identify the document to which the exhibits are appended. (ECF No. 34). No party responded to Plaintiff's motion to seal, likely because they did not receive it through the Court's electronic filing system.

In his motion to seal, Plaintiff explains that the exhibits are his and other inmates' declarations. He explains that the exhibits should be sealed to protect himself and the other inmates. Plaintiff asserts that the exhibits "might become a vehicle for causing harm to Plaintiff or others by Defendants or the population and therefore Plaintiff asserts compelling reasons to seal these documents."

Plaintiff has not described the specific harms that he believes may occur if the declarations are unsealed, and it is unclear if Defendants received Plaintiff's motion. Plaintiff did not describe why the declarations would place him and other inmates in harm's way. This leaves the Court without the ability to articulate the factual basis for its ruling if it were to grant Plaintiff's motion. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 20060 (explaining that, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture). And even though the Court is obligated to liberally construe pro se filings, it cannot manufacture Plaintiff's arguments for him. *See Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (explaining that courts must liberally construe pro se pleadings); *see Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that the court cannot manufacture arguments for a party). So, the Court denies Plaintiff's motion to seal, but will keep the documents under seal for thirty days. Plaintiff will have thirty days to file a renewed motion to seal these documents. If Plaintiff does not file a renewed motion to seal these documents in thirty days, the Court will order the documents to be unsealed.

**II.     Motion to extend discovery.**

Plaintiff moves to extend discovery deadlines, explaining that he has a dispute over discovery with Defendants and that Plaintiff requires the information that Defendants are withholding to amend his complaint. (ECF No. 35). Plaintiff adds that he needs additional time to complete discovery so that he can resolve his dispute with Defendants and additional time to file dispositive motions. So, Plaintiff requests a sixty-day extension of discovery deadlines.

Defendants oppose Plaintiff's motion. (ECF No. 40). Defendants assert that they have filed a motion for summary judgment and a motion to stay discovery and that, instead of

extending discovery, the Court should stay it. Defendants add that Plaintiff failed to comply with Local Rule 26-3 because he did not specify the discovery completed and specify the discovery that remains to be completed.

Plaintiff argues in reply that he has filed a motion to compel Defendants to respond to discovery and so, the Court should not stay discovery. (ECF No. 44). Plaintiff asserts that he did not yet have Defendants' discovery responses when he filed his motion to extend time. He also asserts that there is a genuine factual dispute regarding Defendants' motion for summary judgment and so, the Court should reject Defendants' reasoning for the stay. Plaintiff also asserts that he attempted to comply with Local Rule 26-3 in his motion to extend time and that the Court should liberally construe his motion to the extent he did not.

Under Federal Rule of Civil Procedure 16(b)(4), a schedule may be modified only for good cause and with the judge's consent. Under Local Rule 26-3 a motion to extend any date set by the discovery plan must show good cause (if filed before the deadlines it seeks to extend have expired). LR 26-3. That motion must include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery. LR 26-3.

Here, the Court finds that Plaintiff has shown good cause to extend the discovery deadlines in this case. Although Defendants assert that Plaintiff did not perfectly comply with Local Rule 26-3, Plaintiff did specify certain of the discovery that the parties had conducted and certain of the discovery that remains to be completed. The Court, liberally construing Plaintiff's motion, finds this to be sufficient. Additionally, Plaintiff has shown good cause for the extension by explaining that he has encountered a discovery dispute with Defendants that he seeks to resolve. While Defendants assert that discovery should be stayed, as outlined below, the Court does not agree. So, the Court grants Plaintiff's motion and his enters his proposed extended discovery dates with some modifications to correct certain deadlines and ensure that dates do not fall on weekends. *See* Fed. R. Civ. P. 6(a)(1)(C) (explaining that, if the last day of a time period

is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).

### III. Motion to compel.

Plaintiff moves to compel Defendants to respond to his discovery requests more thoroughly. (ECF No. 36). However, as Defendants point out in response, Plaintiff has not met his meet and confer obligations. (ECF No. 41). Plaintiff points out in reply that he is exempt from the face-to-face/telephonic/video conference requirements for meeting and conferring given his incarcerated status and points to a letter he sent to Defendants and a phone call he had with their counsel on January 28, 2025. (ECF No. 43). However, the exhibits he refers to as his letter are actually his requests for production and interrogatories, not a meet and confer letter. (ECF No. 26 at 11-18). Additionally, as Plaintiff himself points out, Defendants called him on January 28, 2025, not to discuss their objections to Plaintiff's discovery requests, but to request additional time to respond. (ECF No. 36 at 2). Even if the parties did discuss some of the requests in that call, there is no indication that the call was a meet and confer. Moreover, Plaintiff seeks to compel Defendants to respond to his interrogatories, but as of the date of his motion, had not received Defendants' responses to those interrogatories given the fact that the parties agreed to extend Defendants' time to respond.

Plaintiff's motion to compel is governed by Federal Rule of Civil Procedure 37(a) and Nevada Local Rule 26-6. Before bringing a motion to compel, Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-6(c) require the party bringing the motion to make a good faith effort to meet and confer with the other party to attempt and resolve the dispute without court action. Local Rule 26-6(c) explains:

> Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f)[1] before filing the motion, and (2) includes a declaration setting

---

[1] Local Rule IA 1-3(f) provides the following:

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This

forth the details and results of the meet and confer conference about each disputed discovery request.

Additionally, Local Rule 26-6(b) requires that all motions for protective order "must set forth in full the text of the discovery originally sought and any response to it."

A meet and confer is thus a prerequisite to Plaintiff filing his motion to compel. Because it does not appear that the parties met and conferred, the Court denies Plaintiff's motion. Additionally, Plaintiff does not include Defendants' responses to his interrogatories in his motion because he had not yet received them from Defendants. So, the Court cannot decide Plaintiff's motion to compel and denies it for this reason too.

---

requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

(1) The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.

(2) A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

(3) In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement.

(4) Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.

### IV.     Motion to stay discovery.

Defendants move to stay discovery pending the Court's decision on their motion for summary judgment. (ECF No. 39). Defendants assert that a stay is warranted because their motion for summary judgment is based on their assertion that Plaintiff did not exhaust his prison grievances before bringing his claim and so, it is based on a preliminary issue that typically warrants a stay. They add that they believe their motion for summary judgment will be successful and that no further discovery is necessary to decide it because they have produced all of Plaintiff's administrative grievances filed between October 1, 2022, and February 16, 2025. Plaintiff opposes the motion to stay discovery, asserting that he has opposed Defendants' motion for summary judgment and shown that there is a genuine issue of material fact regarding whether he exhausted his prison grievances. (ECF No. 46). Defendants reply that Plaintiff has failed to identify what discovery is necessary for the motion for summary judgment and assert that staying discovery will promote the goals of Federal Rule of Civil Procedure 1 because they raise exhaustion issues, which should be decided before they expend funds on discovery. (ECF No. 47).

Under the "preliminary peek" standard on which both parties rely,[2] courts may grant motions to stay discovery when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a preliminary peek at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). In addressing the preliminary peek standard, the *Kor Media Group* court explained:

> [C]ourts in this District have consistently held that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*[,] [*LLC v. eBay, Inc.*], 278 F.R.D. [597,] 603 [(D. Nev. 2011)] (discussing

---

[2] The undersigned magistrate judge does not employ the preliminary peek standard. Instead, the undersigned employs the "good cause" standard as articulated in *Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324 (D. Nev. Oct. 14, 2021). Nonetheless, because the parties have briefed the preliminary peek standard and in the interest of resolving their dispute, the undersigned employs that standard in deciding the parties' dispute.

holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting* [*Sys., Inc. v. Tracinda Corp.*], 175 F.R.D. 554 [(D. Nev. 1997)]; *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). That standard is not easily met. "Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Trzaska* [*v. Int'l Game Tech.*], 2011 WL 1233298, at *3, 2011 U.S. Dist. Lexis 39275, at *8 [(D. Nev. Mar. 29, 2011)] (emphasis in original); *see also Tradebay*, 278 F.R.D. at 603 ("The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."). Thus, for example, "a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value." *Turner Broadcasting*, 175 F.R.D. at 556.

*Kor Media Group.*, 294 F.R.D. at 583.

The Court denies Defendants' motion for a stay. While the pending motion for summary judgment is potentially dispositive and based on the preliminary issue of exhaustion, a stay is not appropriate under the remaining preliminary peek factors. Defendants assert that the motion for summary judgment can be decided without additional discovery. But Plaintiff points out in his response to that motion that "discovery is ongoing and Plaintiff has requested statistics on 2098 notices over the last 24 months at HDSP, SDCC and LCC. Plaintiff has not received this request and this information and documents is [sic] pertinent to his claim that Administrative remedies have been unavailable to him while at HDSP." (ECF No. 45 at 12). So, the Court does not find that the second prong of the preliminary peek test weighs in Defendants' favor. Additionally, having taken a preliminary peek at the merits of the motion for summary judgment, and without prejudging the outcome, the Court is not so convinced that Plaintiff will be unable to state a claim for relief that a stay is appropriate.[3] So, the Court denies Defendants' motion to stay discovery.

---

[3] The Court does not further explain its reasoning because the assigned district judge may ultimately have a different view of the merits of the underlying motion. And the Court's preliminary peek is not intended to prejudge the outcome. Instead, it is intended to evaluate the propriety of a stay with the goal of accomplishing the objectives of Rule 1. *See Davis v. Nevada*, No. 3:13-cv-00559-MMD-WGC, 2014 WL 1308347, at * (D. Nev. Mar. 31, 2014).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 33) is **denied.** The Court will retain the documents filed at ECF No. 33 under seal until **April 28, 2025.** Plaintiff shall have until **April 28, 2025,** to file a renewed motion to seal these documents if he chooses. If Plaintiff does not file a renewed motion to seal by this date, the Court will order the documents unsealed.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend discovery deadlines (ECF No. 35) is **granted.** The following deadlines, which the Court corrects *sua sponte*, shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | April 11, 2025 |
| Close of discovery: | May 12, 2025 |
| Discovery motions: | May 27, 2025 |
| Dispositive motions: | June 9, 2025 |
| Joint pretrial order: | July 10, 2025[4] |

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 36) is **denied.**

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery (ECF No. 39) is **denied.**

DATED: March 28, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[4] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.