UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRETT JONES,<br><br>    Plaintiff<br><br>v.<br><br>WILLIAM GITTERE, et al.,<br><br>    Defendants | Case No.: 2:24-cv-00171-APG-DJA<br><br>**Order (1) Granting Defendants' Motion for Summary Judgment, (2) Denying Jones' Motions for Injunctive Relief, (3) Denying Objection as Moot, and (4) Entering Judgment**<br><br>[ECF Nos. 7, 11, 38, 50] |

Plaintiff Brett Jones sues Nevada Department of Corrections (NDOC) employees William Gittere, James Dzurenda, Gabriel Najera, Frank Drieson, McCoy, Hernandez, Brian Williams, Julie[1] Williams, and John/Jane Doe officers for alleged civil rights violations related to Jones' incarceration at High Desert State Prison (HDSP).  After screening, Jones brings (1) a Fourteenth Amendment equal protection claim based on his transfer to HDSP from another facility while other inmates with the same sentence as Jones were not transferred,[2] (2) an Eighth Amendment conditions of confinement claim based on frequent lockdowns and lack of access to showers and exercise,[3] (3) a Fourteenth Amendment due process claim based on an intentional deprivation of property lost during Jones' transfer,[4] and (4) an Eighth Amendment unsafe prison conditions claim based on exposure to secondhand smoke from illicit drug use.[5] ECF No. 3 at 14.

---

[1] Incorrectly identified in the complaint as Julia Williams.

[2] Against Gittere, Najara, Drieson, McCoy, Hernandez, and Doe officers.

[3] Against Gittere, Dzurenda, Brian Williams, Julie Williams, and Doe officers.

[4] Against Julie Williams and Doe officers.

[5] Against Gittere, Dzurenda, Brian Williams, Julie Williams, and Doe officers.

Jones moves for a temporary restraining order (TRO) or preliminary injunction. I initially deferred ruling on an injunction while Jones participated in a mediation. ECF No. 8. After the mediation failed to reach a settlement, Jones moved for a ruling on his motion for a preliminary injunction. ECF Nos. 9; 11. Jones argues that he is irreparably harmed by ongoing unconstitutional prison conditions. The defendants respond that Jones is unlikely to succeed on the merits of his claim because he is receiving showers and exercise time and because he failed to exhaust available remedies through the NDOC grievance system. The defendants also move for summary judgment based on Jones' failure to exhaust. Jones responds that he exhausted one grievance and that the defendants' inadequate responses to his other grievance left administrative remedies effectively unavailable.

Because Jones did not exhaust his available administrative remedies, I grant the defendants' motion for summary judgment and deny Jones' motions for a TRO and preliminary injunction. I also deny as moot the defendants' objection to Magistrate Judge Albregts' order denying the defendants' motion to stay discovery.

**I. BACKGROUND**

In October 2022, NDOC transferred Jones from Southern Desert Correctional Center (SDCC) to HDSP. ECF No. 1-1 at 5. At SDCC, Jones was classified as a medium security inmate, which allowed him more access to the prison yard and a job as a porter. *Id.* HDSP is a "close custody" maximum security facility with more restrictive conditions. *Id.* Jones asserts that he was transferred because he is serving a sentence of life without parole (LWOP) and another inmate who was sentenced to LWOP escaped from SDCC. *Id.* Jones further claims that the defendants transferred him to HDSP while leaving at least 10 other inmates with LWOP sentences at SDCC without any rational basis. *Id.* at 6.

During the transfer, Jones lost personal property including legal documents, clothes, a surge protector, and a guitar. *Id.* at 5; ECF No. 38-5 at 3. HDSP had frequent lockdowns and more controlled movement throughout the facility than SDCC, which resulted in Jones receiving less exercise time and fewer shower opportunities. *Id.* Jones lists eight periods of multiple days in November and December 2022 during which he received no time outside his cell other than one 15-minute shower. ECF No. 1-1 at 8. And in January 2023, Jones experienced four multiday lockdowns during which he received no exercise time and only one shower each period. *Id.* Allegedly these conditions have continued, and Jones estimates that he cumulatively spent at least five months of 2023 and six months of 2024 under 24-hour lockdown. ECF No. 33-1 at 5.

For several years, Jones has complained about exposure to secondhand smoke from other inmates smoking spice (a synthetic cannabinoid). *Id.* at 3. Jones claims that this smoke is a constant presence and causes him stomach pains, heart palpitations, headaches, and other maladies. *Id.*; ECF No. 32 at 39-40, 97. Jones alleges that NDOC officials are aware of the constant spice use but are deliberately indifferent to its effects on inmates. ECF No. 33-1 at 7.

Jones filed a grievance about the spice smoke in 2020 while he was housed at Lovelock Correctional Center, and that grievance was fully exhausted in 2021 with officials telling Jones the spice problem was out of medical staff's control. ECF No. 32 at 53-65. Jones also initiated a grievance at HDSP in 2022 complaining about the transfer from SDCC to HDSP and the subsequent lack of time outside his cell and loss of property. ECF No. 38-5 at 2-3. HDSP officials rejected this grievance for raising more than one issue and failing to attach a property claim form. *Id.* at 4-5. Jones attempted to refile the grievance two more times but was rejected for failing to correct the deficiencies. *Id.* at 6-15.

/ / / /

## II. DISCUSSION

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

The Prison Litigation Reform Act (PLRA) requires a prisoner suing under federal law to first exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). "Failure to exhaust under the PLRA is an affirmative defense the defendant[s] must plead and prove." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (quotation omitted). Jones "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). An available remedy is one from a grievance procedure that is "capable of use to obtain some relief for the action complained of." *Id.* (quotation omitted). Examples of when "an

administrative remedy was not capable of use to obtain relief despite being officially available to the inmate" include:

> (1) when the administrative procedure operates as a simple dead end because officers are unable or consistently unwilling to provide any relief to aggrieved inmates; (2) when the administrative scheme is so opaque that it becomes, practically speaking, incapable of use because no ordinary prisoner can discern or navigate it; and (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (9th Cir. 2017) (quotation omitted). Thus, a prison official's failure to process a grievance can count as exhaustion because the official has "thwarted inmates from taking advantage of the grievance process, making that process unavailable." *Id.* at 1079; *see also Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) ("Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available."). When evaluating exhaustion, I look to whether unexhausted administrative remedies were available at the time the plaintiff brought suit. *Andres*, 867 F.3d at 1079.

NDOC's grievance procedure is codified in Administrative Regulation 740. ECF No. 38-10 at 2. Inmates may file grievances to address claims with demonstrable loss or harm including personal property, personal injuries, tort claims, or civil rights claims. *Id.* at 4. "[A]fter failing to resolve the matter by other means, such as discussion with staff or submitting an Offender Request Form," an inmate may file an informal grievance. *Id.* at 11. Prison officials have 45 calendar days to respond from the date the informal grievance is received by the grievance coordinator. *Id.* at 13. If the grievance is not accepted or not within the scope of the grievance system, the inmate will receive an "Improper Grievance Memorandum" identifying the reasons for rejection and providing instructions to correct those issues. *Id.* at 6. "If the grievance is PARTIALLY GRANTED, DENIED, or RESOLVED at any level, the offender must appeal the

response to the next grievance level in order for the grievance process to be considered complete and for the offender's administrative remedies considered to be exhausted." *Id.* There are three grievance levels: informal, first level, and second level. *Id.* at 11-16.

### A. Secondhand Smoke

Even viewing the facts in the light most favorable to Jones, his 2020 grievance failed to exhaust available remedies as to the defendants. Jones filed his 2020 grievance about excessive spice smoke while he was incarcerated at Lovelock Correctional Center. *See* ECF No. 32 at 62. Jones has been housed at HDSP since October 13, 2022. ECF No. 38-2 at 5. Jones' complaint refers only to defendants and events that occurred at SDCC and HDSP since 2022. *See* ECF No. 1-1 at 1-2. Thus, even if Jones' 2020 grievance was fully exhausted, it did not pertain to any of the conduct that he now sues over. Although Jones has complained to HDSP medical providers about breathing the secondhand smoke, there is no evidence that he availed himself of the grievance system to attempt to resolve this issue at HDSP. I therefore grant the defendants' motion for summary judgment on Jones' Eighth Amendment unsafe conditions claim for failure to exhaust available administrative remedies.

### B. Transfer, Showers, Exercise, and Lost Property

Even viewing the facts in the light most favorable to Jones, he also failed to exhaust available administrative remedies relating to his allegedly discriminatory transfer, conditions of confinement, and lost property. Jones filed an informal grievance in 2022, which Julie Williams rejected for raising multiple issues, missing a property claim form, and failing to demonstrate a good-faith effort to resolve the problem. ECF No. 38-5 at 2-5. Williams advised Jones to correct the identified problems and resubmit the grievance. *Id.* at 5.

  Jones refiled his informal grievance three days later, raising the same complaints without addressing the deficiencies in his initial grievance. *Id.* at 6-7. So Williams again rejected the grievance for failing to correct the deficiencies. *Id.* at 8-9. Jones then elevated his grievance to the first level, asserting that he had corrected the deficiencies and that NDOC had failed to respond within 45 days. *Id.* at 10. Williams rejected this level one grievance ten days later for improperly proceeding to level one when the informal grievance was not accepted and for failing to correct deficiencies. *Id.* at 10, 15. Because it was rejected three times, Jones' grievance was closed with no further action. *Id.* There is no evidence that Jones attempted to appeal this decision or that he filed any other exhausted grievance related to his transfer, showers, exercise, or lost property.

  Jones argues that prison officials' failure to timely respond to his informal grievance rendered the grievance system unavailable to him. Jones submitted his initial informal grievance on October 16, 2022, and the grievance coordinator did not respond until January 13, 2023, 89 days later. *Id.* at 2. NDOC's grievance policy sets a time limit of 45 calendar days for the grievance coordinator to respond to an informal grievance. ECF No. 38-10 at 13. However, an overdue response does not result in "an automatic finding" in the inmate's favor, rather it permits the inmate to proceed to the next grievance level. *Id.* at 6. So, Jones could have proceeded to level one after he received no timely response to his October 2022 informal grievance, but he did not.

  I am sympathetic to the conundrum Jones faced. With NDOC taking nearly double the allotted time to respond, Jones had to decide whether to wait and try to proceed with his informal grievance or to elevate his grievance after 45 days but before receiving a response. Nevertheless, once Jones received a response informing him that his grievance was insufficient and how to

correct it, the remedies of NDOC's grievance system were once again "available" to him. Jones did not correct the deficiencies and Williams refused to accept the grievance after Jones continued to submit it without correcting the errors. Jones could have corrected the problems, submitted separate grievances for each of his issues, and proceeded through the first and second levels if prison officials did not timely resolve his grievances. He did not do so and therefore failed to exhaust all available administrative remedies. So I grant the defendants' motion for summary judgment as to Jones' discriminatory transfer, conditions of confinement, and authorized deprivation of property claims.

Because summary judgment is also fatal to Jones' likelihood of success on the merits,[6] I accordingly deny his motion for a TRO and/or preliminary injunction. And because this ends the case, I also deny as moot the defendants' objection to Judge Albregts' order denying a stay of discovery.

Although I grant the defendants' motion for summary judgment, Jones raises serious concerns about the conditions of his confinement. As Jones points out repeatedly, another inmate at HDSP obtained a limited preliminary injunction based on similar claims about a lack of outdoor exercise. *See Ross v. Johnson*, No. 2:22-cv-00259-CDS-VCF, 2023 WL 2373798, at *6 (D. Nev. Mar. 3, 2023). Among the *Ross* court's findings were that lockdowns and deviations from "aspirational schedules created by HDSP" are in part due to staffing shortages. *Id.* at *3. The defendants in this case represent that recent lockdowns are due to "severe safety and security issues" and "not for any mere logistical issues." ECF No. 25 at 10. But HDSP's shift logs

---

[6] To be granted a preliminary injunction, Jones must establish (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm absent preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

8

contain entries indicating that staff shortages are still leading to lockdowns or missed showers and exercise time. *See e.g.*, ECF No. 25-8 at 7, 16, 29, 40, 42. If Jones is continuing to experience what he believes to be constitutional violations, he may file separate grievances for each of the alleged deprivations and properly exhaust his administrative remedies.

## III.  CONCLUSION

I THEREFORE ORDER that the defendants' motion for summary judgment **(ECF No. 38) is GRANTED**.

I FURTHER ORDER that plaintiff Brett Jones' motions for a temporary restraining order and/or preliminary injunction **(EFC Nos. 7, 11) are DENIED**.

I FURTHER ORDER that the defendants' objection **(ECF No. 50) is DENIED as moot**.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendants and against plaintiff Brett Jones, and to close this case.

DATED this 6th day of May, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE